# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOHNATHAN MYERS** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 11-0353** |
| **TERRY TERRELL, WARDEN** | * | **SECTION: "B"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Sections 636(b)(1)(B) and (C), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 cases. Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. For the following reasons, it is hereby recommended that the instant petition be **DISMISSED WITH PREJUDICE** as untimely.

## Procedural Background

Petitioner Johnathan Meyers is a state prisoner incarcerated in the Allen Correctional Center in Kinder, Louisiana. Meyers was convicted by a jury on May 9, 2007,

of forcible rape, a violation of La. R.S. 14:42.1, in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.[1] On May 29, 2007, the district court sentenced Meyers to serve 20 years at hard labor, the first two years to be served without benefit of parole, probation, or suspension of sentence.[2] Meyers' attorney filed a motion for appeal in open court on May 29, 2007 and the court granted the motion on the same day.[3]

Petitioner timely filed a Motion to Reconsider Sentence in the district court which was denied on July 5, 2007.[4] Petitioner filed for supervisory writs in the Louisiana Court of Appeal, Fifth Circuit, No. 07-KH-561, which was granted on August 7, 2007.[5] The Louisiana Court of Appeal, Fifth Circuit ordered the matter remanded to the district court for a ruling on the merits of the Motion to Reconsider Sentence. The court also said the petitioner may raise his other arguments in his pending appeal. On August 28, 2007, the district court reconsidered the sentence and denied the motion.[6] Petitioner directly appealed

---

[1] See State Rec., Vol. 1, page 68 for a copy of the verdict. Also see Vol. 4, Minute Entry dated May 9, 2007.

[2] See State Rec., Vol. 4, Minute Entry dated May 29, 2007.

[3] **Ibid.**

[4] See State Rec., Vol. 4. Copy of district court's Order dated July 5, 2007, wherein the court denied Meyers' Motion for Reconsideration of Sentence on procedural grounds because of lack of jurisdiction as the court had granted an order of appeal.

[5] See State Rec., Vol. 4, for a copy of ruling. **State v. Meyers,** No. 07-KH-561.

[6] See State Rec., Vol. 4, Order dated August 28, 2007.

his conviction and sentence on December 27, 2007, to the Louisiana Court of Appeal, Fifth Circuit.[7] On April 29, 2008, the Louisiana Court of Appeal, Fifth Circuit, affirmed the conviction and remanded the case to the district court with instructions.[8] An application for rehearing was subsequently refused on May 19, 2008.[9]

Petitioner timely filed an application for writs in the Louisiana Supreme Court under No. 08-KO-1325. The court denied relief on February 13, 2009.[10] On June 25, 2009, petitioner signed an application for post-conviction relief (PCR) in the state district court.[11] However, the PCR was stamp filed on July 27, 2009. Petitioner also filed a motion to recuse Judge Benge from handling his PCR proceedings on July 27, 2009.[12] Judge Benge denied the motion on August 3, 2009.[13] Petitioner filed a writ application in the Louisiana Court of

---

[7] See State Rec., Vol. 2, for a copy of Meyers' Brief, **State v. Meyers,** No. 2007-KA-0854.

[8] See **State v. Meyers,** 981 So.2d 214 (La. App. 5th Cir. 4/29/08). The Louisiana Court of Appeal, Fifth Circuit instructed the district court to inform Meyers in writing of his sex offender registration requirement, and to advise him of his two year prescriptive period to file an application for post-conviction relief.

[9] See State Rec., Vol. 2, for a copy of Notice from the Clerk, No. 07-KA-854.

[10] **State v. Meyers,** 999 So.2d 1145 (La. 2/13/09).

[11] See State Rec., Vol. 5, copy of PCR, page 9, for date of signing of affidavit.

[12] See State Rec., Vol. 5, for a copy of the Motion to Recuse.

[13] See State Rec., Vol. 5, Order dated August 3, 2009.

Appeal, Fifth Circuit to review the district judge's denial of recusal.[14] The court denied the writ on November 18, 2009.[15] Petitioner sought review in the Louisiana Supreme Court via his writ signed on November 22, 2009 and filed on December 16, 2009.[16] The court denied relief on November 19, 2010.[17]

Returning to the PCR application, the trial court denied relief on September 14, 2009.[18] Petitioner did not seek review of the ruling. However, on September 22, 2009, petitioner filed a traverse to the state's response to his PCR application.[19] The district court denied the motion on September 24, 2009, as it was filed after the court's denial of petitioner's PCR application. The court said, "Nothing in petitioner's pleading affects the court's ruling."[20] Petitioner filed an untimely writ application in the Louisiana Court of

---

[14] See State Rec., Vol 5, for a copy of writ, No. 09-KH-863.

[15] See State Rec., Vol. 5, for a copy of the decision. **State v. Meyers,** No. 09-KH-863.

[16] See State Rec., Vol. 5, for a copy of the writ application, No. 09-KH-2731. Although petitioner attempted to expand his issues from the original motion to recuse when he filed what he entitled a "Supervisory Writ of Review and Writ of Prohibition", to include a claim that the Louisiana Fifth Circuit has arbitrarily denied his writ without considering his claims that his Sixth Amendment rights and right to prove "exceptional circumstances" were ignored, it is clear that these issues were beyond the proper scope of that court's review. See "Supervisory Writ of Review and Writ of Prohibition" at State Rec., Vol. 5.

[17] See State Rec., Vol. 5, for a copy of ruling. **State ex rel. Meyers v. State of Louisiana,** No. 2009-KH-2731 (La., Nov. 19, 2010).

[18] See State Rec., Vol. 5, for a copy of the two page ruling.

[19] See State Rec., Vol. 5, for a copy of the traverse.

[20] See State Rec., Vol. 5, for a copy of the court's order.

Appeal, Fifth Circuit on November 17, 2009, under Number 09-KH-983. Petitioner's writ failed to seek review of the district court's September 14, 2009, denial of PCR relief. Instead, petitioner brought four claims. Three of the claims had not been presented to the district court and one claim had been previously decided by the Court of Appeal. The writ was denied on December 10, 2009.[21]

On June 2, 2010, petitioner filed an "Application for Permission to Merge Writ of Certiorari" in the Louisiana Supreme Court under Docket No. 09-KH-2731, in which the petitioner attempted to raise an additional claim regarding a challenge to the district court judges' ethics and how it may have impacted the rulings made in petitioner's case, an issue not previously properly raised to the courts below.[22] On November 19, 2010, the Louisiana Supreme Court denied Writ No. 09-KH-2731. **State ex rel. Myers v. State,** 09-2731 (La. 11/19/10); 49 So.3d 400. Subsequently, on November 24, 2010, the petitioner sought rehearing in the Louisiana Supreme Court by filing an Application for Rehearing En Banc, Pursuant to Rule IX. On January 13, 2011, the Louisiana Supreme Court denied the application for rehearing. **State v. Myers,** 08-1325 (La. 2/13/09); 999 So.2d 1145.

---

[21]See State Rec., Vol. 4, **Meyers v. Honorable Joan S. Benge, Judge etc.,** No. 09-KH-983, (La. App. 5th Cir. Dec. 10, 2009) for a copy of the ruling. In fact, the court denied three of petitioner's claims on procedural grounds and one claim, that the Clerk's office refused his filing, as effectively moot.

[22]See a copy of the "Application for Permission to Merge Writ of Certiorari" in State Rec., Vol. 5. The filing was prepared by a Ms. Angelia Weathersby, who signed as an "amicus curiae petitioner."

Petitioner filed this federal habeas corpus petition in the United States District Court, Eastern District of Louisiana, on January 25, 2011.[23] Petitioner raised the following claims: (1) He suffered from ineffective assistance of counsel in three instances; (2) the trial court erred in prohibiting the defense from introducing into evidence a homemade videotape of the petitioner and the victim having sex; (3) that the March 19, 2008 decision of **Snyder v. Louisiana,** 552 U.S. 472, 128 S.Ct. 1203, 1207, 170 L.Ed.2d 175 (2008) should be applicable to petitioner's case; and, (4) that he suffered an excessive sentence when mitigating factors were not considered by the sentencing court as required by La.C.Cr.P. art 894.1.

The respondent argues that the petition is time-barred and should be denied with prejudice. Alternatively, respondent argues that claims 1, 2 and 4 are unexhausted, thus

---

[23]Review of the federal record shows that petitioner failed to date his application. The envelope containing the application was post marked February 09, 2011. Petitioner signed and dated his motion to proceed *in forma pauperis* on January 25, 2011, which is the earliest date that the court can determine the filing date of the federal application. Under the prison mailbox rule applied by the U.S. Fifth Circuit of Appeals, a *pro se* petition would be deemed filed as of the date the prisoner placed it in the prison mail system. **Hernandez v. Thaler,** 630 F.3d 420 (5th Cir. 2011), citing **Stoot v. Cain,** 570 F.3d 669, 671 (5th Cir. 2009)(per curiam). Generally, the date a prisoner signs his petition is presumed to be the date he delivered it to prison officials for mailing. *See* **Colarte v. LeBlanc,** 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this Court on the date he signed his application); **Magee v. Cain,** 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); **Punch v. State,** 1999 WL 56279, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition).

rendering the federal petition as mixed and as such the petition should be dismissed for failure to exhaust state court remedies.

## Timeliness

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to Title 28, United State Code, Section 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review.[24] *See* Title 28, United States Code, Section 2244(d)(1)(A)(West 2011), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220.

Pursuant to Title 28, United States Code Section 2244(d)(1)(A), when a habeas petitioner has pursued relief on direct appeal through the state's highest court, a conviction that has become final pursuant to La. C. Cr. P. art. 922 is considered final when the time expires for a defendant to seek certiorari at the United States Supreme Court, i.e., ninety days after the decision of the Louisiana Supreme Court on direct appeal is final. **Butler v. Cain,** 33 F.3d at 317 (5th Cir. 2008), *citing* **Roberts v. Cockrell,** 319 F.3d 690, 693 (5th Cir. 2003); **Johnson v. Cain,** 2000 WL 14688, *1 (E.D.La. 2000), *citing* **Ott v. Johnson,** 192 F.3d 510, 511 (5th Cir. 1999)*; see also* U.S. Sup. Ct. R. 13(1). As previously mentioned,

---

[24]The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996. **Lindh v. Murphy**, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

petitioner sought review of his conviction and sentence with the Louisiana Supreme Court via a writ of certiorari. That court denied relief on February 13, 2009, and the ninety days thereafter for seeking U.S. Supreme Court review would end on May 14, 2009. Thus, Myers' conviction was final as of May 15, 2009 and his one year limitations period began running on that date and would expire one year later, on May 15, 2010. Petitioner did not file the subject action until January 25, 2011, thus his challenge to his conviction must be dismissed unless the one-year statute of limitation period was interrupted as set forth in Title 28, United States Code, Section 2244(d)(2). Under that statutory provision, '[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

As mentioned in the previously set forth procedural history, petitioner filed his first state PCR application on June 25, 2009. He therefore allowed 41days of his one year federal limitations period to expire before he properly filed a post-conviction application which tolled the limitations period. The trial court denied relief on September 14, 2009. The record does not show that petitioner pursued review of the trial court's decision on PCR. Instead, it appears that petitioner filed a different set of post-conviction claims with the Louisiana Court of Appeal, Fifth Circuit, filing Writ No. 09-KH-983 with that court on November 17, 2009. This writ would not be considered "properly filed" as required for

tolling since all claims raised before the Louisiana Fifth Circuit would have first had to be raised before the state district court.[25] Therefore, petitioner's post-conviction application ceased to be pending when he failed to file for review of the trial court's decision within the thirty days allowed by state law, or by October 14, 2009. See Uniform Rules of the Louisiana Courts of Appeal. Rule 4-3. Thus the limitations period began running again on October 15, 2009 and expired 324 days later, on September 4, 2010. Since that day was a Saturday, petitioner would have had until Monday, September 6, 2010 to file his federal habeas petition in a timely fashion. He did not file his federal petition, however, until January 25, 2011. Thus, even considering statutory tolling, petitioner's federal habeas application was untimely filed in this court.[26]

---

[25]However, even assuming, *arguendo*, that Writ No. 09-KH-983, filed with the Louisiana Court of Appeal, Fifth Circuit was a continuation of the post-conviction process which began with the PCR filed in the trial court on June 25th, 2009, the writ application filed with the Louisiana Fifth Circuit was untimely filed and thus no properly filed post-conviction application was pending as of October 14, 2009. Moreover, the writ application filed with the Louisiana Court of Appeal, Fifth Circuit, was only pending for 23 days, from November 17, 2009 until December 10, 2009. Since petitioner also did not seek review of this decision with the Louisiana Supreme Court, this additional 23 days would have made little difference to this court's time-bar analysis.

[26]The court agrees with the State's contention that the motion to recuse and subsequent appeal of the motions' denial would not alter the tolling of the limitations period in this case. Statutory tolling is only allowed for state post-conviction applications that seek review of the petitioner's underlying conviction. See **Hutson v. Quarterman**, 508 F.3d 236, 238 (5th Cir.2007). See also, **Neal v. Mcneil**, – F. Supp. 2d –, 2010 WL 298294 (N.D. Fla. Jan. 15, 2010)(Disqualification of a trial judge assigned to a case is not an attack on the constitutionality or legal correctness of a sentence or judgment, in contrast to a direct appeal, habeas action, or proceeding to set aside a conviction or correct an illegal sentence. Thus, petitioner's motions for recusal were not tolling motions under § 2244(d)(2)).

The United States Supreme Court has held that the AEDPA's statute of limitations is also subject to equitable tolling. **Holland v. Florida**, – U.S. –, 130 S.Ct. 2549, 2560 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." **Id**. at 2562 (internal quotation marks omitted); see also **Davis v. Johnson**, 158 F.3d 806, 811 (5th Cir.1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. **Alexander v. Cockrell**, 294 F.3d 626, 629 (5th Cir.2002). Petitioner herein, however, offers no meritorious argument to support equitable tolling of the federal limitations period. Petitioner filed a reply (Rec. Doc. 14) to the State's Response. To the extent he argues in that response that his motion to recuse should toll the limitations period, the court rejects said argument (see footnote 26 herein). To the extent he argues that the Assistant District Attorney conceded that petitioner's post-conviction application was timely filed, the reference made on page 2 of the State's response concedes only that the state PCR was timely filed with the <u>state trial court</u>, not with the state appellate court. It is petitioner's failure to comply with the rules for taking supervisory writs to the Louisiana Court of Appeal, Fifth Circuit and the Louisiana Supreme Court that has resulted in his untimely habeas application in this court. Accordingly,

assuming that said reply filed by petitioner should be considered as a request for equity to be applied, the court rejects those arguments. Petitioner's federal habeas application is untimely and should therefore be denied.[27] Accordingly,

## RECOMMENDATION

For all of the reasons stated above, it is hereby recommended that the instant federal habeas petition be DENIED as untimely. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

---

[27]Since the court concludes that the habeas petition is time-barred, a discussion of exhaustion is unnecessary and thus is pretermitted. However, a cursory look at the state pleadings filed make clear that petitioner has failed to complete the state process in seeking review of the issues he currently attempts to raise in this court.

proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. **Douglass v. United Services Auto. Ass'n**, 79 F.3d 1415, 1430 (5th Cir. 1996)(en banc).[28]

New Orleans, Louisiana, this 31ST day of May, 2012.

_____
    LOUIS MOORE, JR.
    UNITED STATES MAGISTRATE JUDGE

---

[28]**Dougla**s referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.