UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JONATHAN MYERS**                               **CIVIL ACTION**

**VERSUS**                                       **NUMBER: 11-0353**

**TERRY TERRELL, WARDEN**                        **SECTION: "B"(6)**


### ORDER AND REASONS

Before the Court is Petitioner Jonathan Myer's ("Petitioner") Objections (Rec. Doc. No. 16) to Magistrate Judge Moore's Report and Recommendation (Rec. Doc. No. 15), recommending dismissal with prejudice of Petitioner's *habeas corpus* petition under 28 U.S.C. § 2254. Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that the findings of the Magistrate Judge (Rec. Doc. No. 15) are **AFFIRMED**, overruling Petitioner's objections, and that Petitioner's application for federal *habeas corpus* review is **DISMISSED WITH PREJUDICE** as untimely.

### PROCEDURAL HISTORY

On May 9, 2007, a jury in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, convicted Petitioner, Jonathan Myers, of forcible rape in violation of La. R.S. 14:42.1. (Rec. Doc. No. 15 at 1-2). The district court sentenced him on May 29, 2007, and granted his motion to appeal that day as well. *Id.* at 2. Petitioner then timely filed a

motion to reconsider his sentence, which the trial court denied for the first time on July 5, 2007, and again for a second time on August 28, 2007, on remand from the Louisiana Court of Appeals, Fifth Circuit. *Id.*

Petitioner encountered a similar lack of success after appealing his conviction and sentence directly. The Louisiana Court of Appeals, Fifth Circuit, affirmed his conviction on April 29, 2008, and, after Petitioner filed for writ, the Louisiana Supreme Court denied relief on February 13, 2009. *Id.* at 2-3. In addition, the state trial court denied Petitioner's subsequent application for post-conviction relief (PCR) on September 14, 2009. [1] *Id.* at 4. Petitioner did not seek review of the PCR denial. [2] *Id.*

On the same date on which Petitioner filed the PCR, June 27, 2009, Petitioner filed a motion to recuse Trial Judge Benge from

---

[1] On September 22, 2009, Petitioner did file an objection to the State's response to the PCR application, but the trial court denied the motion on September 24, 2009, as it arose after the relevant ruling. (Rec. Doc. No. 15 at 4).

[2] While Petitioner did thereafter file a writ application in the Louisiana Court of Appeals, Fifth Circuit, on November 17, 2009, the application was neither timely nor addressed the denial of the PCR. *Id.* at 4-5. It instead raised three separate claims not brought before the district court and a fourth claim that had previously been decided by Louisiana Court of Appeals, Fifth Circuit. *Id.* at 5. The Court of Appeals denied the writ on December 10, 2009. *Id.*

the PCR matters.[3] *Id.* at 3. Both the Louisiana Court of Appeals, Fifth Circuit, and then, the Louisiana Supreme Court on November 19, 2010, declined to review the trial court's denial of this motion. *Id.* at 3-4.

On January 25, 2011, Petitioner filed this federal *habeas corpus* petition, claiming: 1) ineffective assistance of counsel on three occasions; 2) error in the trial court's prohibition of the introduction into evidence of a videotape involving the intimate relations of Petitioner and victim; 3) failure to apply *Snyder v. Louisiana*, 552 U.S. 472, 128 S. Ct. 1203, 1207, 170 L.E.2d 175 (2008); and, 4) an excessive sentence due to the failure of the sentencing court to consider mitigating factors under La. C. Cr. P. art. 894.1. *Id.* at 6.

The State responded that Petitioner untimely filed his petition, and in the alternative, that Petitioner failed to exhaust his first, second, and fourth claims, thus resulting in a mixed petition subject to dismissal. *Id.* at 6-7.

---

[3] Relatedly, Petitioner also improperly brought a further claim against the presiding judge via an "Application for Permission to Merge Writ of Certiorari" in the Louisiana Supreme Court on June 2, 2010. *Id.* The Louisiana Supreme Court denied both the writ and the subsequent application for rehearing. *Id.*

## LAW AND ANALYSIS

The Magistrate Judge based his ruling solely on timeliness, and thus did not address Petitioner's substantive claims. (Rec. Doc. No. 15 at 11).[4] Finding that AEDPA's one year statute of limitations for filing a *habeas* petition had run, the Magistrate Judge recommended that the application be denied. *Id.*

Pursuant to La. C. Cr. P. 922 (D) (2012), the state court judgment becomes final when the Louisiana Supreme Court denies writ. *Id.* at 7. For a federal *habeas* petitioner who has sought relief through direct appeal to the state's highest court, the AEDPA one year period then starts to run from the determination of finality under § 2244 (d) (1), considered to be at the expiration of the time for seeking certiorari at the United States Supreme Court of a decision made final on appeal through the state courts, a ninety day period. *Id.* at 7 (citing *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) (citing *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003); *Johnson v. Cain*, 2000 WL 14688, p. 1 (E.D. La. 2000) (citing *Ott v. Johnson*, 192 F.3d 510, 511 (5th Cir. 1999); *see also* U.S. Sup. Ct. R. 13 (1)); *Causey v. Cain*, 450 F.3d 601, 606 (5th Cir. 2006) (noting that

---

[4] We note that even if timeliness did not exist as a bar to further discussion, failure to exhaust the same claims at the state level would prove fatal to the petition.

although AEDPA determines finality for the purpose of time limitations, "some consideration of state law is inevitable.") (quoting *Foreman v. Dretke*, 383 F.3d 336, 339 (5th Cir. 2004)).

The judgment became final under § 2244 (d) (1) on May 15, 2009, as the Louisiana Supreme Court denied writ on February 13, 2009, and the ninety day period in which Petitioner could seek review from the U.S. Supreme Court concluded on May 14, 2009. *Id.* at 8.

Thus, AEDPA's one year time period expired on May 15, 2010. *Id.* As Petitioner did not file his federal *habeas* petition until January 25, 2011, the statute of limitations has already run and the petition must be dismissed, unless that one year period had been interrupted by statutory or equitable tolling. *Id.*

**1. Statutory Tolling**

Section 2244 (d) (2) provides that the time during which a properly filed application for post-conviction or other collateral review, with respect to the pertinent judgment or claim that is pending, shall not be counted toward any period of limitation.  28 U.S.C. § 2244 (d) (2) (2006).  A matter remains "pending" for tolling purposes until "further appellate review [is] unavailable under Louisiana's procedures."  *Williams v. Cain*, 217 F.3d 303, 310 (5th Cir. 2000) (quoting *Bennett v.*

5

*Artuz*, 199 F.3d 116, 120 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000)).

Petitioner properly filed his post-conviction application on June 25, 2009, subsequently denied on September 14, 2009. (Rec. Doc. No. 15 at 8). He did not seek review of this decision.[5] *Id.*

Therefore, forty-one days of the AEDPA one year statute of limitation had already run when Petitioner filed his PCR. *Id.* The time period began to run again on October 15, 2009, after the thirty day allotment of time expired in which he could challenge the denial. *Id.* At 9 (citing Uniform Rules of the Louisiana Courts of Appeal, Rule 4-3). The passage of 324 days, culminating on September 6, 2010,[6] legally extinguished Petitioner's ability to file his *habeas* petition. *Id.*

Furthermore, as the Magistrate Judge pointed out, the proceedings regarding Petitioner's motion to recuse would not constitute "other collateral review" to toll the one year period, as such motion does not seek review of the underlying judgment.

---

[5] The Magistrate Judge noted that even if the November 17, 2009, contentions made by Petitioner (see footnote n. 2 above) could be seen as a continuation of the PCR, their untimely nature restrained any tolling effect. (Rec. Doc. No. 15 at 9, n. 25); *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Additionally, even if a continuation and if timely, the resulting tolling effect would still not alter the untimeliness of the federal *habeas* petition. (Rec. Doc. No. 15 at 9, n. 25).

[6] Although the count ended on September 4, 2010, a Saturday, the period continued through the following Monday. Fed. R. Civ. P. 6 (a) (1).

*Id.* at n. 26 (citing *Hutson v. Quarterman*, 508 F.3d 236, 238 (5th Cir. 2007); *Neal v. McNeil*, No. 3:09cv23/MCR/EMT, 2010 WL 298294 (N.D. Fla. Jan. 15, 2010)).

Even considering this short period of statutory tolling, Petitioner's failure to file his *habeas* petition on or prior to September 6, 2010, resulted in the one year period of limitations extinguishing his claim, unless equitably tolled.

### 2. Equitable Tolling

The Supreme Court held in *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010), that the AEDPA's one-year filing period may be subject to equitable tolling. Equitable tolling is only warranted where: (1) the petitioner has diligently pursued his rights, and (2) some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Additionally, the "petitioner bears the burden of proof to establish entitlement to equitable tolling." (Rec. Doc. No. 15 at 10) (citing *Alexander v. Cockrell*, 294 F. 3d 626, 629 (5th Cir. 2002)).

The Magistrate Judge attempted to discern any possible pleas for equitable tolling in the petition.[7] *Id.* at 11. Focusing on two possible such requests, the Magistrate Judge, not erroneously, dismissed Petitioner's contention that the motion to

---

[7] The "Actual Innocence" section of this memorandum addresses one other possible ground for equitable tolling not mentioned by the Magistrate Judge.

recuse should have tolled the statute of limitations, as addressed above. *Id.* at 10. Also, he pointed out that the State only conceded that the Petitioner timely filed his state PCR application at the trial level – irrelevant to any consideration of a circumstance that might have impeded his petition or otherwise affected the time period. *Id.*

Petitioner does not make sufficient showings on either of the elements required for equitable tolling. Instead, Petitioner's own failure to take writs in the state appellate courts led to his untimely *habeas* petition. *Id.* This lack of timeliness and failure to exhaust his claims at the state level does not show a diligent pursuit of rights. *Id.* at 10, 11 n. 27. Petitioner offers no meritorious claim that would support a finding of equitable tolling. *Id.*

Petitioner's failure to meet his burden for a request of equitable tolling, including the inapplicability of the claims that could possibly be construed as such contentions, further supports a finding that this *habeas* petition is untimely.

### 3. Actual Innocence

Another question presented by Petitioner's objections concerns the application of actual innocence as a basis to have his claims heard on the merits. (Rec. Doc. No. 16 at 1).

8

Petitioner claims that the state court improperly excluded exculpatory evidence in violation of his constitutional rights. *Id.* at 2. The Magistrate Judge did not err in bypassing this discussion. (Rec. Doc. No. 15 at 11, n. 27).

Petitioner, in his objections to the Magistrate Judge's Report and Recommendation, raises the exceptions of "cause and prejudice" or "fundamental miscarriage of justice," in relation to a claim of actual innocence, as reasons to excuse his "procedural default." *Id.* at 1, 3; *see e.g. Bagwell v. Dretke*, 372 F.3d 748, 756-57 (5th Cir. 2004). Although procedural default usually refers to the barring of a claim due to state procedural rules or other law, under a broad reading one can assume Petitioner meant for these rebuttals to counteract the Magistrate Judge's finding of untimeliness, as that constituted the primary basis for the barring of his claims. *E.g Bagwell v. Dretke*, 372 F.3d at 755.

Even if a claim of constitutional error could be construed as an exceptional circumstance for purposes of equitable tolling, Petitioner would still need to show that he diligently pursued his rights, as well as ultimately overcome the heavy deference given to state courts' evidentiary determinations. (Rec. Doc. No. 15 at 10); *Pace*, 544 U.S. at 418; *Herrera*, 506 U.S. at 407

9

(citing *Medina v. California*, 505 U.S. 437, 445-46 (1992)).  The record shows that Petitioner cannot make such a showing.  (Rec. Doc. No. 15 at 10).

New Orleans, Louisiana, this 16th day of July, 2012.

_____
UNITED STATES DISTRICT JUDGE